UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

VINCENT PISCIOTTA,

    Petitioner,

v.

WARDEN F.C.I. FORT DIX,

    Respondent.

Civil Action
No. 22-7314 (CPO)

OPINION

**O'HEARN, District Judge.**

    Petitioner is a federal prisoner currently incarcerated at Federal Correctional Institution Fort Dix, in Joint Base MDL, New Jersey. He is proceeding *pro se* with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (hereinafter "Petition"). (ECF No. 1.) For the reasons stated in this Opinion, the Court will dismiss the Petition based on mootness and, alternatively, for lack of jurisdiction.

## I.    BACKGROUND[1]

    This case arises from the Bureau of Prisons' ("BOP") denial of Petitioner's request for home confinement under the First Step Act's Elderly Offender Home Detention Program ("Elderly Offender Program"). By way of background, on September 9, 2013, the United States District Court for the Western District of Missouri sentenced Petitioner to an aggregate term of 240-months' imprisonment for conspiracy to commit arson, arson, and use of a firearm to commit a federal felony offense, under 18 U.S.C. §§ 371, 884(i), and 844(h). (*See* ECF No. 6-5 at 3.) Petitioner also indicates that he has a prior 1998 state conviction for voluntary manslaughter under a Missouri state statute. (ECF No. 1-1 at 10.)

---

[1] The Court will accept as true the factual allegations in the Petition for the purposes of this Opinion only. The Court has made no findings as to the veracity of Petitioner's allegations.

According to Petitioner, Respondent violated Petitioner's constitutional rights by denying his request for placement on home confinement under the Elderly Offender Program.[2] (ECF No. 1-1 at 13–20.) Petitioner argues that the BOP abused its discretion by denying him access to the Elderly Offender Program based on an improper finding that he had been convicted of a crime of violence. (*See id.*) Petitioner alleges that he first requested placement in the Elderly Offender Program on July 6, 2021. (*See* ECF No. 1-1 at 9; ECF No. 1-2 at 1.) On July 20, 2021, the BOP denied his request. (*Id.*) On July 21, 2021, Petitioner filed an appeal with the Warden, which was denied on August 9, 2021. (*Id.*; ECF No. 1-2 at 2–3.) Petitioner appealed that denial to the Northeast Regional Director and that appeal was denied on October 22, 2021. (*Id.*; ECF No. 1-2 at 4–5.) Petitioner admits he "gave up on the administrative remedy process" at that point. (*Id.*) Thereafter, in September 2022, Petitioner submitted a second request for placement in the Elderly Offender Program but was again denied. (*Id.*)

Beyond denial for placement in the Elderly Offender Program, Petitioner further argues that he "should not be denied entry into any BOP program or [be] denied the benefits of any BOP policy or program due to a crime of violence." (ECF No. 1-1 at 22.) Petitioner claims that based on the BOP's incorrect finding that he has been convicted of a crime of violence, the BOP could potentially deny him "entry to the Residential Drug Abuse Program ("RDAP") which, upon completion, would reduce his sentence by a year or more." (*Id.* at 25.) Petitioner also claims that

---

[2] Although Petitioner argues in his Petition that the BOP also improperly denied his request for home confinement under the Coronavirus Aid, Relief and Economic Security Act ("CARES Act"), (*see* ECF No. 1-1 at 1–16), he clarifies in his reply brief that he brought this Petition only to challenge the denial of his Elderly Offender Program request. (*See* ECF No. 7 at 5.) Petitioner states that "[t]he references to CARES Act placement in the [Petition] are provided as an example of other programs the BOP applies its faulty interpretation of a crime of violence." (*Id.*) Therefore, the Court will not address the BOP's alleged denial of Petitioner's request for home confinement under the CARES Act.

2

his security level classification prevents him from being housed at a prison camp instead of Fort Dix. (*Id.*)

In December of 2022, Petitioner filed the instant Petition under 28 U.S.C. § 2241. (ECF No. 1.) Respondent filed an answer, (ECF No. 6), and Petitioner filed a reply. (ECF No. 7.) In August of 2024, the Court ordered supplemental briefing from the parties, Respondent filed a supplemental brief, (ECF No. 9), and Petitioner filed a supplemental reply. (ECF No. 10.)

## II. STANDARD OF REVIEW

Courts hold *pro se* pleadings to less stringent standards than more formal pleadings drafted by lawyers. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Courts must construe *pro se* habeas petitions and any supporting submissions liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998). If a court does not dismiss the petition at the screening stage, the court "must review the answer, any transcripts and records . . . to determine whether" the matter warrants an evidentiary hearing. Rule 8(a) of the Rules Governing § 2254 Cases in the United States District Courts (made applicable to proceedings under § 2241 by Rule 1(b)). "Whether to order a hearing is within the sound discretion of the trial court," and depends on whether the hearing "would have the potential to advance the petitioner's claim." *Campbell v. Vaughn*, 209 F.3d 280, 287 (3d Cir. 2000); *States v. Friedland*, 879 F. Supp. 420, 434 (D.N.J. 1995) (applying the § 2255 hearing standard to a § 2241 petition), *aff'd*, 83 F.3d 1531 (3d Cir. 1996).

## III. DISCUSSION

Petitioner challenges the BOP's classification that he has been convicted of a crime of violence and the resulting denial of his placement into the Elderly Offender Program and potential denial of access to other BOP programs. (*See generally* ECF No. 1-1.) Under 28 U.S.C. § 2241(c),

3

however, habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time" he files his petition. *Lee v. Stickman*, 357 F.3d 338, 342 (3d Cir. 2004) (quoting *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989)).

In other words, a petitioner must satisfy: "the status requirement that the person be 'in custody,' and the substance requirement that the petition challenge the legality of that custody on the ground that it is 'in violation of the Constitution or laws or treaties of the United States.'" *See, e.g.*, *Wilson v. Montgomery Cty., Pa.*, No. 09-0371, 2009 WL 1322362, at *4 (D.N.J. May 12, 2009) (quoting 28 U.S.C. § 2241(c)(3)) (citing *Maleng*, 490 U.S. at 490).

A habeas petition brought pursuant to § 2241 is the proper vehicle for an inmate to challenge "the fact or length of confinement" or the "execution" of the confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973); *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241–42 (3d Cir. 2005). In determining whether the Court has jurisdiction over the claims in a § 2241 petition, the Court must consider whether granting the petition would "necessarily imply" a change to the fact, duration, or execution of the petitioner's sentence. *See Mabry v. Warden Allenwood FCI Low*, 747 F. App'x 918, 919 (3d Cir. 2019) (quoting *McGee v. Martinez*, 627 F.3d 933, 936 (3d Cir. 2010)).

"Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in" other legal proceedings. *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citation omitted). Stated differently, "unless the claim would fall within the 'core of habeas' and require

4

sooner release if resolved in the plaintiff's favor," prisoners should bring a prison related claim through other legal avenues. *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).

With those principals in mind, the Court will address Petitioner's claims in turn.

### A. Exclusion from the Elderly Offender Program

Petitioner argues that the BOP abused its discretion in denying him placement in the Elderly Offender Program based on a finding that he had been convicted of a crime of violence. Petitioner claims that his convictions for arson under 18 U.S.C. § 844(i) and voluntary manslaughter under Missouri state law do not qualify as crimes of violence.

Congress vested the Bureau of Prisons with significant discretion to administer the Elderly Offender Program, providing that it "*may* release *some or all eligible elderly offenders* and terminally ill offenders from Bureau of Prisons facilities to home detention." 34 U.S.C. § 60541(g)(1)(B) (emphasis supplied). *See generally Defoggi v. Warden Fort Dix FCI*, No. 23-1085, 2023 WL 5163898, at *1 (3d Cir. Aug. 11, 2023) ("Congress has vested the executive branch, not the judicial branch, with the power to decide which prisoners may participate in the [Elderly Offender Program].") Congress restricted the definition of an "eligible elderly offender," among other criteria, to an inmate:

> (ii) who is serving a term of imprisonment that is not life imprisonment based on a conviction for an offense or offenses that do not include any crime of violence (as defined in section 16 of Title 18), sex offense (as defined in section 20911(5) of this title), offense described in section 2332b(g)(5)(B) of Title 18, or offense under chapter 37 of Title 18, and has served 2/3 of the term of imprisonment to which the offender was sentenced;
>
> (iii) who has not been convicted in the past of any Federal or State crime of violence, sex offense, or other offense described in clause (ii); . . . .

34 U.S.C. § 60451(g)(5)(A). Petitioner's challenge to the BOP's denial of his request for home confinement placement under the Elderly Offender Program is moot.

Article III of the Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. "This case-or-controversy limitation . . . limits the business of federal courts to 'questions presented in an adversary context and in a form historically viewed as capable of resolution through the judicial process . . . .'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395–96 (1980) (quoting *Flast v. Cohen*, 392 U.S. 83, 95 (1968)). The Elderly Offender Program was a pilot program which expired in 2023. 34 U.S.C. § 60541(g)(3) (authoring pilot program only for the fiscal years between 2019 and 2023). Therefore, placement on home confinement under the Elderly Offender Program is no longer available. *See*, *e.g.*, *Munigan v. Cruz*, No. 23-4078, 2024 WL 3289645, at *2 (D.N.J. July 3, 2024) (finding petitioner's challenge to the denial of his entrance into the Elderly Offender Program was moot because the program expired in 2023 and entrance into the program was no longer available); *see also Perri v. Warden Fort Dix FCI*, No. 20-13711, 2024 WL 3633567, at *1 (3d. Cir. 2024) (finding petitioner's claim regarding denial of home confinement under the CARES Act moot because the CARES Act has expired and the relief sought was no longer available). Thus, Petitioner's claims based upon denial of placement into the Elderly Offender Program is moot.

Even if this matter was not moot, neither 18 U.S.C. § 3624 nor the Elderly Offender Program provides the judiciary authority to grant an inmate home confinement. *See* 18 U.S.C. § 3624(c)(2); *see also* 34 U.S.C. § 60541(b). The BOP retains complete discretion to determine where federal prisoners are housed, including the authority to transfer suitable inmates to home confinement. *See generally* 18 U.S.C. § 3621(b) and § 3624(c)(2). The BOP's decisions regarding where prisoners are confined generally are not subject to judicial review. *See* 18 U.S.C. § 3621(b)

("Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court."). In this Circuit, many courts have held the BOP's decisions on whether to grant home confinement are not reviewable by the Court. *See, e.g.*, *Perri v. Warden of FCI Fort Dix*, No. 20-13711, 2023 WL 314312, at *3 (D.N.J. Jan. 19, 2023) (finding that petitioner failed "to demonstrate that this Court has jurisdiction under § 2241 to review a decision denying home confinement under the CARES Act"); *see also Davey v. Warden Lamine N'Diaye*, No. 22-2254, 2023 WL 2570221, at *7 (D.N.J. Mar. 20, 2023); *Reynolds v. Finley*, No. 21-1251, 2022 WL 36225, at *4–5 (M.D. Pa. Jan. 4, 2022) (holding the decision regarding a federal inmate's place of confinement remains exclusively within the authority of the BOP, and the BOP's confinement location decision is 'not reviewable by any court.'"). Therefore, this Court lacks jurisdiction to order Petitioner's placement to home confinement.

Petitioner, however, argues that he is not requesting the Court order that the BOP place him in home confinement under the Elderly Offender Program. Rather, he argues that the BOP abused its discretion in finding he had committed a crime of violence as defined in 18 U.S.C. § 16 and denying him access to the Elderly Offender Program. Yet, the Court need not rule as to whether it can review the BOP's finding for an abuse of discretion. Because even if the BOP abused its discretion, it appears that the only relief available would be to order the BOP to reassess whether Petitioner has a conviction for a crime of violence under § 60541(g)(1)(A) in the context of his eligibility for home confinement under the Elderly Offender Program. *Perri*, 2023 WL 314312, at *5. As explained above, home confinement under the program is no longer available. Therefore, the Court cannot remand for reassessment to a program that no longer exists. As such, this Court is without the ability to provide Petitioner with meaningful relief, and his claim is moot and must be dismissed as such.

### B. Exclusion from Other BOP Programs

Petitioner next argues that he "should not be denied entry into any BOP program or [be] denied the benefits of any BOP policy or program due to a crime of violence." (ECF No. 1-1 at 22-25.) Petitioner claims that the BOP's reliance on unconstitutionally vague definitions of crimes of violence could result in Petitioner potentially being denied entrance to other BOP programs. (*Id.*) Petitioner specifically claims that the BOP could deny him entrance to the "Residential Drug Abuse Program ('RDAP') which, upon completion, would reduce his sentence by a year or more." (*Id.* at 25.) Additionally, Petitioner argues that his custody classification prevents him from being housed at a prison camp, where he would benefit from greater safety and freedoms. (*Id.*)

Respondent argues that Petitioner has failed to exhaust his administrative remedies as to his claims regarding the RDAP and his custody classification. (*See* ECF No. 9 at 3.) Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner may not ordinarily bring a § 2241 petition, challenging the execution of his sentence, until he has exhausted all available administrative remedies. *E.g.*, *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996).

Petitioner argues that the BOP's administrative remedies were not available to him. Petitioner appears to claim that he submitted forms that were not returned to him and unit staff refused to provide him with forms. But it appears Plaintiff has never applied for RDAP and, thus, his claims are speculative and premature and do not present a case or controversy which is ripe.

Even if the matter was ripe for review regarding RDAP, the Court has no ability to review RDAP matters. The BOP operates a drug abuse treatment program that identifies inmates in need of substance abuse treatment. 28 C.F.R. § 550.50 *et seq*. The BOP's authority to reduce an inmate's sentence for completion of RDAP falls under 18 U.S.C. § 3621, which provides that "the

Bureau of Prisons shall, subject to the availability of appropriations, provide residential substance abuse treatment . . . for all eligible prisoners . . . ." 18 U.S.C. § 3621(e)(1)(C). For inmates who successfully complete RDAP, the BOP "may" reduce the inmate's sentence by up to one year. 18 U.S.C. § 3621(e)(2)(B); *see Harvey v. Warden/Superintendent of USP Canaan*, No. 21-2150, 2022 WL 2292006, at *3 (M.D. Pa. June 24, 2022) (quoting 28 U.S.C. § 3621(e)(2)(B)); *Lopez v. Davis*, 531 U.S. 230, 241 (2001) (stating that "[w]hen an eligible prisoner successfully completes drug treatment, the [BOP] . . . has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment"). Therefore, even if an inmate successfully completes the program to perfection, the statute "still affords the Bureau complete discretion to require Petitioner to serve his full sentence." *Beckley v. Miner*, 125 F. App'x 385, 388 (3d Cir. 2005).

Congress has expressed the view that these discretionary RDAP placement and release decisions should not be subject to wide-ranging judicial review. *See* 18 U.S.C. § 3625 (providing that the judicial review provisions of the Administrative Procedure Act "do not apply to the making of any determination, decision, or order under this subchapter," which includes § 3621). The Third Circuit has explained that § 3621(e)(2)(B) was passed by Congress as a means to encourage offenders to enter into drug treatment programs while in prison, and the statute provides that the BOP is authorized to reduce the sentence of prisoners "convicted of a nonviolent offense" by up to a year upon the successful completion of such a program. *See Gardner v. Grandolsky*, 585 F.3d 786, 789 (3d Cir. 2009). Courts within this Circuit have dismissed § 2241 petitions challenging RDAP decisions for lack of jurisdiction. *Chambers v. Warden Lewisburg USP*, 852 F. App'x 648, 650 (3d Cir. 2021) (finding the district court properly rejected the petitioner's challenge to the RDAP placement decision on jurisdictional grounds); *see*, *e.g.*, *Keitt v. Finley*,

No. 21-1476, 2021 WL 5826196, at *2–3 (M.D. Pa. Dec. 8, 2021) (relying on *Chambers* and concluding that the court lacked jurisdiction over a § 2241 habeas petition where the petitioner sought early release under Section 3621(e)(2)(B) upon completion of RDAP); *see Thorndike v. Hollingsworth*, No. 15-2014, 2016 WL 4705443, at *5 (D.N.J. Sept. 8, 2016) (collecting cases). Thus, even if Petitioner's claim regarding RDAP was ripe, the Court lacks jurisdiction to review such a denial.

Finally, regarding Petitioner's challenge to his custody classification and the BOP's placement of a "public safety factor" in his file, the Court lacks jurisdiction over such a challenge. Prison security classifications are ordinary incidents of prison confinement that do not implicate a liberty interest under the Due Process Clause. *See Perez v. Fed. Bureau of Prisons*, 229 F. App'x 55, 58 (3d Cir. 2007) (citing *Fraise v. Terhune*, 283 F.3d 506, 522 (3d Cir. 2002) ("The Due Process Clause does not . . . subject . . . prison authorities to judicial oversight as long as the degree of confinement . . . [is] within the sentence imposed and do[es] not otherwise violate the Constitution")). As explained above, habeas jurisdiction generally exists only to permit challenges to the fact or duration of an individual's confinement, or challenges to the execution of the terms of a prison sentence. *See, e.g.*, *Butler v. Ortiz*, No. 20-10421, 2022 WL 320672 at *1 (D.N.J. Feb. 2, 2022). Challenges to allegedly erroneous security factor decisions and resulting classification levels are not cognizable under the statute as they do not go to the fact or duration of confinement, nor do they challenge an aspect of the execution of an imposed sentence. *Id.*; *see also Briley v. Warden Fort Dix FCI*, 703 F. App'x 69, 71 (3d Cir. 2017) (finding claims asserting improper classification factor decisions and resulting higher security classification levels "are not cognizable in a § 2241 petition"). The Third Circuit has found that a challenge to a custody classification is "unrelated to the execution of his sentence" and is simply a "garden variety" challenge to one's

classification. *See Mabry v. Warden Allenwood FCI Low*, 747 F. App'x 918, 919 (3d Cir. 2019) (affirming dismissal of § 2241 petition in which petitioner sought to challenge his custody classification). Thus, the Court lacks jurisdiction under Section 2241 over Petitioner's challenge to his custody classification.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss with prejudice Petitioner's claims as moot and also for lack of jurisdiction. An appropriate Order follows.

DATED: April 22, 2025

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
